O’Neall, J.
I think that the facts shown in answer to the rule to shew cause why satisfaction should not be entored on the judgment constituted very sufficient grounds why the rule should have been discharged. At common law there was formerly, no doubt, that such a trust as that which exists between the plaintiff, Stevenson, and William Rogers, could not have been noticed, and the release of the latter would not have had the slightest legal effect. This position is fully sustained by abundant authority. In 1. Chitty Plead. 3, it is said, “When a bond is made to A, to pay him or a third person, a sum of money for the benefit of the latter, the action must be brought in the name of A, and the third person cannot even release the demand.” The case of Offly v. Warde, 1 Lev. 235, is one of the cases referred to by Mr. Chitty, in support of the rule, as he has stated it, and it fully bears him out. The action was debt on a single bill to A. for the use of B. — plea, a release by B. it was held on demurrer to be bad, and the plaintiff entitled to recover. The Court said the trust could only he noticed in Chancery. This case is followed by Gibbes v. Copley, 3 Lev. 138, and Scholy and Domville v. Mearnes, 7 East. 147.
The earliest exception (if it indeed be one) which I have been able to find, is the case of Dutton and wife v. Poole, 2 Lev. 210, in which it was held that on a promise to A, for the use of B, B could maintain the action. This was allowed not so much as an exception to the rule, as being consistent with it. The promise to A, for the use of B, was regarded as a matter in which B had a direct legal interest, and' for the breach of the promise that he .ought to have damages. In such a case, before action brought, the release of B must have discharged any action which A might afterwards think proper to bring. The difference in this respect, between debts by specialty and by parol, arose from the fact, that in the one the contract was in legal contemplation the gist of the action, and in the other the breach or right to damages. The case of Legh v. Legh, 1 Bos. & P. 447, marked out distinctly an exception to the ancient common law rule, which we have in our recent decisions recognized and adopted. Frances Legh gave a bond to Sarah Legh, to secure £75 ; Sarah Legh *293 assigned it to John Legh, as a security for the payment of a lesser sum, of which Frances had notice. John brought an action on the bond against Frances, in the name - of Sarah, who gave a release to Frances, by whom she had been satisfied her debt. This release was pleaded, the Court set the plea aside, holding'that under the circumstances the defendant could not be permitted to plead payment of the bond; she having in effect, agreed not to plead payment against the nominal obligee. This was a distinct recognition of the equitable rights of the assignee • at law, and the reason of the decision would apply to any case where the cesluique trust of the debt has a clear right to receive the money, and where the allowance of payment to or release by him, would not prejudice any equitable right of the trustee. This is, however, as far as any of the cases in England or this State have gone ; and where a case does not come clearly within the exception, the aneient rule of the common law must govern it. The plaintiff, Stevenson, states in his answer to the rule, several facts which are sufficient to shew that the release of W. Rogers cannot be allowed to prevail. “It was agreed between him, (plaintiff Stevenson) the defendant, and his brother Wm. Rogers, that the amount of the judgment, when collected,should be appropriated towards the support and maintenance of said Wm. Rogers, and also towards payment of such sums of money as this deponent had previously or hereafter shall have to advance towards his support, and also to such creditors whose claims were of a bona fide character— that at the time of the above agreement the said Wm.„Rogers was indebted to the deponent in the sum of about $30, and that he has since advanced considerable sums upon the faith of this agreement.” If this be so, and it is not controverted by any contrary shewing, there can be no doubt that William Rogers has no other equity in the judgment except in the balance which may be left after satisfying Stevenson any advances which he has made. This involves a matter of account which the Court of law cannot take. Again, the plaintiff states “that at the time of his taking these notes into his hands for the use of. Wm. Rogers, it was expressly agreed on by the parties that no portion should be paid directly to Wifl. Rogers, but to this opponent.” According to this, the defendant agreed expressly not to pay Wm. Rogers, and to permit him now to set up a satisfaction made in violation of his own agreement and against a clear legal right in the plaintiff, would be contrary to all regal rules, and be directly contrary to the care of Legh v. Legh, 1 Bos. and Pul. 447. For there the plea was set aside because the defendant had agreed in effect “not to plead payment against the nominal *294 obligee.” Here there is an express agreement to pay to the plaintiff, Stevenson, and that no payment should be made to Win. Rogers..
Munro, for the motion.
Fleming, contra.

The motion is granted.

Jonhson & Harper, Js. concurred.